JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Zamora, Efren M.

### DEFENDANTS
United States

**(b)** County of Residence of First Listed Plaintiff  Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Thomas Quick    telephone: (510) 903-8841
1901 Harrison, St., 9th Floor
Oakland, CA  94612

Attorneys (If Known)

United States Attorney

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  **PERSONAL INJURY** ☒ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine  **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability  ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury  ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment  **Habeas Corpus:** | ☐ 740 Railway Labor Act |  | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 790 Other Labor Litigation |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment  ☐ 540 Mandamus & Other  ☐ 550 Civil Rights | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 |  |
|  | ☐ 446 Amer. w/Disabilities - Other  ☐ 555 Prison Condition | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 463 Habeas Corpus – Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 2671, et seq., the Federal Tort Claims Act
Brief description of cause:
Medical negligence is alleged against Veterans Administration employees.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 250,000.00    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".   none

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE    SIGNATURE OF ATTORNEY OF RECORD
March 7, 2008

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:     U.S. Civil Statute: 47 USC 553
                                                                                      Brief Description: Unauthorized reception of cable service

**VII.**     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**     **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

E-filing

1 Thomas Quick, Esq. (SBN 242638)
  1901 Harrison Street, 9th Floor
2 Oakland, California 94612
  Telephone: (510) 903-8841
3 Facsimile:  (510) 903-8839

4 Attorney for Plaintiff

FILED

MAR 10 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN M. ZAMORA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>　　　　　Defendant. | Case No. C08-01340 BZ<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, EFREN M. ZAMORA, alleges:

　　　　1.　　Plaintiff, EFREN M. ZAMORA, is and was at all times mentioned herein a citizen of the State of California.

　　　　2.　　Defendant, UNITED STATES, is the government of the United States of America.

　　　　3.　　Jurisdiction of this Court over the subject matter of this action is predicated

1
COMPLAINT

on 28 USC § 2671, *et seq.*, the Federal Tort Claims Act and 28 USC § 1331, federal question.

4. The conduct complained of herein occurred in the Northern District of California.

5. Plaintiff, EFREN M. ZAMORA (hereinafter, ZAMORA), brings this action against Defendant, UNITED STATES (hereinafter, UNITED STATES), on the basis that tortious conduct of employees of UNITED STATES, caused harm to ZAMORA.

6. ZAMORA is an individual, residing in Dublin, California, in the County of Alameda.

7. ZAMORA sought medical and health care at the UNITED STATES' Veterans Administration hospitals, clinics, and other sites at, or in association with, Veterans Administration facilities in Livermore, Palo Alto, Mather, Martinez, and Sacramento, California from UNITED STATES' physicians, nurses, and other employees from September 12, 2000, through October 26, 2006 – the relevant time period for the events complained of herein.

8. The physicians, nurses, and other employees of the UNITED STATES had a duty of care to ZAMORA to provide proper medical and health care to ZAMORA, but the physicians, nurses, and other employees of the UNITED STATES failed their duty to ZAMORA by not informing ZAMORA of ZAMORA's health status as a carrier of Hepatitis B infection, by not informing ZAMORA of ZAMORA's prognosis and steps to prevent complications of Hepatitis B infection in ZAMORA, by not counseling ZAMORA on the means to prevent the spread of the infection to other persons, by not treating ZAMORA for Hepatitis B infection, by not screening ZAMORA for cancer of the liver, by not diagnosing liver cancer in the body of ZAMORA, and by not preventing the complications of liver cancer in the body of ZAMORA.

9. The failure of the UNITED STATES to properly provide medical and health care to ZAMORA, as described above, was negligent, below standard care, and was a direct, legal,

2
COMPLAINT

and proximate cause of harm to ZAMORA, ZAMORA's body, and ZAMORA's finances in the form of: a) the onset and progression of liver damage; b) the onset and progression of liver cancer; c) mental and physical pain and suffering; d) abdominal surgery; e) disfigurement; f) medical expense; g) inability to get on a liver transplant list; and, h) other harms and costs to be proven at trial.

10.     The conduct of the UNITED STATES as to ZAMORA was negligent in that the harms that ZAMORA suffered, and continues to suffer, were natural, consequential, foreseeable, and avoidable.

11.     ZAMORA timely made an administrative claim for damages by submitting a STANDARD FORM 95, "Claim for Damage, Injury, or Death," to the UNITED STATES Department of Veterans Affairs, Veterans Administration Medical Center, 10535 Hospital Way, Mather, California 95655, but ZAMORA's claim was rejected.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, EFREN M. ZAMORA, prays for judgment against Defendant, UNITED STATES, as follows:

1.     For general damages in the amount of $250,000.00;

2.     For special damages in the amount of $500,000.00 for past and future medical expenses;

3.     For interest at the legal rate according to proof; and,

4.     For such other and further relief as the Court deems proper and just.

Dated: Mar. 7, '08                    By: _____
                                              Thomas Quick, JD
                                              Attorney for Plaintiff, EFREN M. ZAMORA

3
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff, EFREN M. ZAMORA, hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of Civil Procedure.

Dated: Mar. 7, 08

By: _____
Thomas Quick, JD
Attorney for Plaintiff, EFREN M. ZAMORA