THOMAS GERALD QUICK (CSBN 242638)
Attorney At Law
1901 Harrison Street, 9th Floor
Oakland, CA 94612
Telephone: (510) 903-8841
FAX: (510) 903-8839

Attorney for Plaintiff

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-6967
   FAX: (415) 436-6748
   melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EFREN M. ZAMORA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. C-08-01340 SC<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date: July 11, 2008<br>Time: 10:00 a.m.<br>Location: Courtroom #1, 17th Floor |

      The parties jointly submit this Case Management Statement and request that the Court adopt it as its Case Management Order in this action.

      **1. Jurisdiction and Service:** Plaintiff asserts that this Court has jurisdiction over plaintiff's causes of action arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et.seq*. Service has been completed. The Defendant challenges the Court's jurisdiction to the extent some if not all of Plaintiff's claim is barred by the statute of limitations as set forth in

THE PARTIES JOINT CASE MANAGEMENT STATEMENT
C-08-01340 SC

the FTCA.

**2. Facts:**

On September 12, 2000, Plaintiff, Efren Zamora, a United States Veteran, underwent diagnostic testing of his blood at a Veterans Administration clinic while under the care of Veterans Administration physicians. The test results showed chronic hepatitis. Plaintiff alleges he was not informed of the abnormal test results at least until October, 2006, when liver cancer was diagnosed. Plaintiff alleges further that diagnostic surveillance, medical monitoring, and medical treatment are standard care for chronic hepatitis, but that Plaintiff did not receive the benefit of such care and this lack of care legally and proximately caused the hepatitis to progress untreated to liver cancer with resultant, but otherwise avoidable, pain and suffering.

The Defendant contends that the Plaintiff was informed of his about his Hepatis B years before October 2006 when he was questioned about his condition by his physicians. The Defendant further contends that its treatment of Plaintiff was not the proximate cause of any injuries he now alleges.

**3. Legal Issues:**

    A.    Whether the Defendant was negligent and breached the standard of care in its treatment of Plaintiff.

    B.    Whether if the Defendant breached the standard of care, that breach was the proximate cause of the injury claimed by Plaintiff.

    C.    Whether any portion of Plaintiff's claim is barred by the statute of limitations.

    D.    Whether Plaintiff is entitled to general and special damages in this action.

    E.    The amount, if any, of Plaintiff's alleged damages in this action..

**4. Motions:** The Defendant may file a motion for summary judgment after discovery in this case. Plaintiff and Defendant may file Motions *in Limine* if this case proceeds to trial.

**5. Amendment of Pleadings:** The Parties do not anticipate any amendments.

**6. Evidence Preservation:** The Plaintiff is taking and will continue to take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this law suit.

The Defendant is taking, and will continue to take all reasonable steps to preserve any evidence relevant to the issues reasonably evident in this lawsuit. The Defendant is not presently aware of any document destruction programs that would apply in this case.

**7. Disclosures:** The parties will meet and confer about a date for initial disclosures.

**8. Discovery:** The Parties do not anticipate any request to depart from the discovery rules set forth in the Federal Rules of Civil Procedure and the Civil Local Rules, including the 25-interrogatory limit under Rule 33 and the 10-deposition limit under Rule 30. At this time, plaintiff anticipates taking discovery on the following: all of the allegations in Defendant's Answer to Complaint. Plaintiff will obtain expert witness testimony. Plaintiff lives in the San Francisco Bay Area and is readily available for deposition.

At this time, the Defendants anticipate taking discovery on the following subjects: all of the allegations in Plaintiff's complaint, Plaintiff's claimed injuries, and Plaintiff's claim for damages. To that end, the Defendant may propound interrogatories, requests for admission, and requests for production of documents, and anticipates deposing any witnesses plaintiff may identify in his initial disclosures. In addition, the Defendant will request and independent medical examination and will require authorization for the release of Plaintiff's medical records that related to the condition referenced in the complaint and Plaintiff's claimed injuries. The defendant reserves the right to designate experts should such need arise after completing fact discovery. Defendant anticipates it will need approximately four (4) months to complete discovery and one (2) months to complete expert discovery if it becomes necessary. The Defendant requests that expert reports be due two weeks after the designation of experts.

**9. Class Actions:** Not applicable.

**10. Related Cases:** Counsel are not aware of any related cases.

**11. Relief:** Plaintiff general and special damages according to proof and costs. Defendant seeks no damages in this action, other than dismissal and costs.

**12. Settlement and ADR:** The parties agree that this case is appropriate for court appointed mediation. Depositions of the Plaintiff, medical experts and treating physicians, and a medical review are necessary to position the parties to negotiate a resolution.

**13. Consent to Magistrate Judge For All Purposes:** The parties do not consent to a magistrate judge.

**14. Other References:** Not applicable.

**15. Narrowing of Issues:** Defendant believes that a motion for summary judgment may completely resolve or narrow the issues in this case.

**16. Expedited Schedule:** Defendant and Plaintiff contend that this case is not suitable for expedited scheduling due to the complexity of the medical issues, the need to assimilate medical records from multiple locations and providers, and the need to obtain expert opinions based on those records.

**17. Scheduling:**

>Proposed fact discovery cut-off: December 29, 2008

>Proposed cut-off for expert designation: January 23, 2009.

>Proposed cut-off for expert report: February 13, 2009

>Proposed expert discovery cut-off: March 31, 2009.

>Proposed dispositive motion hearing cut-off: April 30, 2009

>Proposed pretrial conference date: June 26, 2009

>Proposed trial dates: July 13, 2009

It should be noted that counsel for Defendant is not available for trial on October 20, 2008, February 2, 2009, or April 20, 2009 because of trials in other matters. Nor is counsel for Defendant available for trial the during August 2, 2008 through August 12, 2008 because counsel will be out of the country. Due to other litigation, Plaintiff's counsel is unavailable on the following dates: September 8, 15, 22-20-2008; October 1-3, 8, 14-27, 2008; November 17, 20, 2008; January 5-30, 2009; February 2-20, 2009; May 4-22, 2009; September 17, 2009; November 17, 30, 2009 and December 1-4, 2009.

**18. Trial:** A jury trial is not available under the Federal Tort Claims Act by statute. Defendant opposes any request for jury.

**19. Disclosure of Non-Party Interested Entities or Persons:** The disclosure requirement in Civil L. R. 3-16 does not apply to governmental entities. Plaintiff asserts there

1 | are no other non-party interested entities or persons.

2 |     **20. Other Matters:** None.

3 |

4 | DATED: July 2, 2008                        Respectfully submitted,

5 |

6 |                                         THOMAS G. QUICK
                                        Attorney at Law

7 |                                               /S: Thomas Quick

8 | _____

9 |                                         THOMAS G. QUICK
                                        Attorney at Law

10 |

11 | DATED: July 2, 2008                        JOSEPH P. RUSSONIELLO
                                        United States Attorney

12 |                                               /S: Melissa Brown

13 |

14 | _____
                                        MELISSA K. BROWN
                                        Assistant United States Attorney

15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

THE PARTIES JOINT CASE MANAGEMENT STATEMENT
C-08-01340 SC