JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELISSA K. BROWN (CSBN 203307)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6967
FAX: (415) 436-6748
melissa.k.brown@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EFREN M. ZAMORA, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. C-08-01340 SC <br><br> **STIPULATION AND AGREEMENT OF COMPROMISE AND [PROPOSED] ORDER** |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff EFREN ZAMORA and defendant UNITED STATES, (hereinafter the "Federal Defendant"), by and through their undersigned counsel, as follows:

1. The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

2. The Federal Defendant agrees to pay the sum of Fifteen Thousand Dollars and no cents ($15,000.00) to Plaintiff under the terms and conditions set forth herein.

3. The Plaintiff and his heirs, executors, administrators, assigns and attorneys hereby agree to accept the sum of Fifteen Thousand Dollars and no cents ($15,000.00), in full and

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER
C-08-01340 SC

final settlement and satisfaction of the claims raised in This Action under the terms and conditions set forth herein.

4. It is also agreed, by and among the parties, that the settlement amount of Fifteen Thousand Dollars and no cents ($15,000.00) represents the entire amount payable to Plaintiff and his heirs, executors, administrators, assigns and attorneys.

5. It is also agreed, by and among the parties, that the settlement amount of Fifteen Thousand Dollars and no cents ($15,000.00) shall be made payable to Plaintiff Efren Zamora. The check will be mailed to the plaintiff's attorney at the following address: Thomas G. Quick, J.D. 1901 Harrison Street, 9th Floor, Oakland, CA 94612.

6. It is also agreed by and among the parties that neither Plaintiff nor any of his attorneys may make any claim for attorney's fees or other costs against the Federal Defendant, its agents, servants, or employees.

7. In consideration of the payment of Fifteen Thousand Dollars and no cents ($15,000.00) as set forth above, the Plaintiff agrees that he will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in This Action, which is captioned *Efren Zamora v. United States*, U.S. District Court Northern District of California Case No. C-08-01340 SC.

8. In consideration of the payment of Fifteen Thousand Dollars and no cents ($15,000.00) as set forth above, the Plaintiff hereby releases and forever discharges the Federal Defendant and any and all of its past and present officials, directors, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, which have been or could have been raised in the complaint in This Action, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all alleged violations of the Federal Tort Claims Act asserted by Plaintiff

in each and every administrative complaint filed by Plaintiff related to the events that allegedly took place on between September 12, 2000 and October 2006, by which Plaintiff alleges that the Federal Defendant failed to failed to diagnose, adequately disclose a diagnosis, and treat him for Hepatitis B, as described in plaintiff's Complaint or any and all claims that could have been asserted in the administrative complaint against the Federal Defendant.

9. In consideration of the payment of Fifteen Thousand Dollars and no cents ($15,000.00) as set forth above, the Plaintiff further agrees that he may not and will not use or rely on the incidents and actions in his administrative complaint or the Complaint in this Action in any other administrative proceeding, state court action or federal court action he may bring.

10. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. The Plaintiff understands that if the facts concerning the his injury and the liability of the Federal Defendant, or its directors, officers, agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by his to be true, this agreement shall be and remain effective notwithstanding such material difference.

11. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant, or its directors, officers, agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

12. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER
C-08-01340 SC                                         3

party which arises out of the claims released and discharged by this agreement.

13. If any withholding or income tax liability is imposed upon Plaintiff based on payment of the settlement sum as set forth herein, Plaintiff shall be solely responsible for paying any such liability. Plaintiff, and his attorneys, will indemnify and hold harmless the Federal Defendant from any liability the Federal Defendant may incur from any government agency arising out of any failure by Plaintiff to pay any tax liability he might be responsible for from any government agency.

14. Plaintiff and his attorneys have been informed that payment of the settlement amount may take 90 days or more to process.

15. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

16. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

17. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

18. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

19. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: February 24, 2009 _____
EFREN ZAMORA
Plaintiff

Dated: February 25, 2009   By: _____
THOMAS QUICK
Attorney for Plaintiff

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: February 27, 2009   By: _____
MELISSA K. BROWN
Assistant United States Attorney
Attorneys for the Federal Defendant

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

Dated: 3/2/09   _____
SAMUEL CONTI
United States District Court Judge

*IT IS SO ORDERED — Judge Samuel Conti — United States District Court, Northern District of California*